## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KONRAD TADEUSZ PATRZALEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-01312-JD |
| | ) | |
| THE FINANCE CARTEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

On November 5, 2025, Plaintiff Konrad Tadeusz Patrzalek, appearing pro se, filed his 63-page complaint, with a 47-page exhibit, totaling 110 pages. [Doc. No. 1]. Then, on November 20, 2025, Plaintiff filed an amended complaint, totaling 108 pages and asserting 25 claims against 65-plus defendants. [Doc. No. 13].[1] Upon review of the amended complaint, the Court strikes the amended complaint for failure to comply with the Federal Rules of Civil Procedure, the case law interpreting the same, and the Local Civil Rules.

Although the Court construes a pro se litigant's pleading liberally, a pro se party must still "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted);

---

[1] Plaintiff amended his complaint "once as a matter of course" under Federal Rule of Civil Procedure 15(a)(1). The "amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (unpublished) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) and *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)).

*accord Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Proceeding pro se does not excuse the litigant from complying with the requirements of the Federal Rules of Civil Procedure or the Local Civil Rules. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Under the Federal Rules of Civil Procedure, a complaint must include, among other things, "a short and plain statement of the claim" showing Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Additionally, each allegation in the complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). This is not just a minimum standard for a plaintiff but also a protection for a defendant. The rule is violated by "unnecessary length and burying of material allegations in a morass of irrelevancies." *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017) (unpublished) (internal quotation marks and citation omitted).

"Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (citation omitted). "Significantly, Rule 8(a) establishes a ceiling (the complaint must be *no more than* a short and plain statement) and not a floor (the complaint must *at least* be a short and plain statement)." *Toevs v. Reid*, 267 F. App'x 817, 818–19 (10th Cir. 2008) (unpublished) (internal quotation marks and citation omitted). Courts routinely strike or dismiss complaints that fail to meet the pleading requirements of Rule 8. *See Mann*, 477 F.3d at 1148 (affirming dismissal of a 99-page complaint that was made "unintelligible 'by scattering and

concealing in a morass of irrelevancies the few allegations that matter'") (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)); *Schupper v. Edie*, 193 F. App'x 744, 745–46 (10th Cir. 2006) (unpublished) (affirming the striking of a 38-page complaint containing 292 paragraphs plus 120 pages of exhibits as contrary to Rule 8(a)); *cf. Baker*, 686 F. App'x at 620 (affirming the dismissal of the amended complaint under Rule 8 that was "filled with unnecessary legal arguments and detail" and that lacked "clarity about what each defendant allegedly did to incur liability"); *Hollaway v. Arvada Police*, No. 21-1097, 2022 WL 1679252, at *1 (10th Cir. May 26, 2022) (unpublished) (affirming the district court's dismissal of the plaintiff's second amended complaint without prejudice due to his failure to comply with the pleading standards in Rule 8); *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001) (unpublished) (affirming district court's judgment dismissing plaintiff's amended complaint where it was noncompliant with Rule 8 and "would be manifestly unfair to expect Defendants to respond reasonably to Plaintiff's colossal, often incomprehensible, complaint").

Here, despite the liberal construction given to a pro se litigant's pleading, Plaintiff's amended complaint is insufficient to satisfy federal pleading requirements. Specifically, the amended complaint is overly long and not simple, concise, or direct: it contains unnumbered, single-spaced paragraphs, and it fails to state, in short and plain terms, a claim against each of the 65-plus defendants showing that Plaintiff is entitled to relief. The amended complaint is not organized by dates, events, or in any coherent way, making it unintelligible, vague, confusing, and prolix. Plaintiff also purports in places to

"incorporate" the exhibits, tables, and matrices, and an additional "online repository" with a purported link and password, for the foundation of the amended complaint, which is improper. *See, e.g.*, [Doc. No. 13 at 8, 14, 16, 17, 18, 80, 61–108]. *See Schupper*, 193 F. App'x at 746 ("It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action."). Additionally, because so many of the allegations target the defendants as a group—and there are a large number of defendants named by Plaintiff— the Court cannot understand what each defendant allegedly did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the pro se plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("[I]t is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . .").

Plaintiff's amended complaint also violates numerous Local Civil Rules. *See* LCvR7.1(d) (requiring that "[f]or all pleadings . . . the print style, including footnotes, shall not be less than 13-point type, and margins shall be a minimum of one inch on the top, bottom, and sides"); LCvR5.2(a) (requiring all papers presented to the clerk for filing "shall be double-spaced, if typewritten, using only one side of the paper"); LCvR3.1 ("Counsel and pro se litigants are required to number each party separately in the caption

of the initiating documents, plaintiffs consecutively and defendants consecutively."); LCvR7.1(m) ("Unnecessarily voluminous exhibits, attachments, and appendices to filings should be avoided.").[2]

Accordingly, the Court STRIKES Plaintiff's amended complaint [Doc. No. 13] under Federal Rule of Civil Procedure 8, the case law interpreting the same, and the Local Civil Rules. However, the Court will give Plaintiff an opportunity to cure the deficiencies by filing a second amended complaint by the deadline set forth in this Order.

IT IS THEREFORE ORDERED that Plaintiff is granted leave to file a second amended complaint by **December 11, 2025**, as set forth in this Order. Failure to file a second amended complaint by **December 11, 2025**, complying with this Order and the authorities referenced herein will result in the dismissal of this action without prejudice. The Court specifically warns Plaintiff that failure to comply with the rules and court orders will result in the dismissal of his case without prejudice. *See* Fed. R. Civ. P. 16(f); 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (recognizing the "'inherent power' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

IT IS SO ORDERED this 20th day of November 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] *See* https://www.okwd.uscourts.gov/sites/okwd/files/Local_Rules_0.pdf