**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

KONRAD TADEUSZ PATRZALEK,  )
               Plaintiff,  )
                     )
v.  )  Case No. CIV-25-1312-SLP
ELON MUSK, et al.,  )
              Defendants.  )
                     )

**O R D E R**

Before the Court are Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint.  [Doc. Nos. 59, 61, 66, 68, 87].  Plaintiff filed Responses in Opposition to Defendants' Motion to Dismiss.  [Doc. No. 72, 73, 74, 75].  Defendants AIPAC, BAYC LLC, Andreessen Horowitz, Donald J Trump, and Department of Government Efficiency filed Replies to Plaintiff's Response in Opposition to their respective Motions to Dismiss. [Doc. No. 77, 78, 79, 90].  For the reasons discussed below, Defendants AIPAC's, X Corporation's, Donald J Trump's, and Department of Government Efficiency's Motions to Dismiss are GRANTED in part.  [Doc. Nos. 66, 68, 87].  Defendants Andreessen Horowitz's and BAYC LLC's Motions to Dismiss are DENIED as MOOT.  [Doc. Nos. 59, 61].  Further, the Court sua sponte DISMISSES this action against Defendants Andreessen Horowitz, BAYC LLC, Elon Musk, and United Arab Emirates.

## I.    Introduction

On November 5, 2025, Plaintiff, appearing pro se, filed his 63-page complaint, with a 47-page exhibit, totaling 110 pages.  [Doc. No. 1].  On November 20, 2025, Plaintiff filed an amended complaint, totaling 108 pages and asserting 25 claims against 65-plus

defendants.  [Doc. No. 13].  The Court struck the amended the complaint for "failure to comply with the Federal Rules of Civil Procedure, the case law interpreting the same, and the Local Civil Rules." [Doc. No 14].  The Court granted leave to file a Second Amended Complaint by December 11, 2025, to cure the deficiencies outlined in the Court's Order. *See id.*  In a third attempt to craft his pleading, Plaintiff filed a Second Amended Complaint, on November 24, 2025.  [Doc. No. 15].  For a fourth time, Plaintiff filed a Third Amended Complaint, [Doc. No. 16], without leave of Court.  The Court struck the Third Amended Complaint which was in violation of the Federal Rules of Civil Procedure.  [Doc. No. 17]. Accordingly, Plaintiff's Second Amended Complaint, [Doc. No. 15], is the operative complaint now before the Court. On February 3, 2026, more than two months after filing the Second Amended Complaint, Plaintiff filed Supplemental Exhibits to the Second Amended Complaint, [Doc. No. 45], consisting of an additional 258 pages.

Defendants AIPAC, X Corporation, Donald J Trump, Department of Government Efficiency, Andreessen Horowitz, and BAYC LLC filed Motions to Dismiss the Second Amended Complaint, which are also now before the Court.  [Doc. Nos. 59, 61, 66, 68, 87].  Defendants AIPAC, X Corporation, Donald J Trump, and Department of Government Efficiency filed Motions to Dismiss, in-part, on grounds that it is in violation of Rule 8 of the Federal Rules of Civil Procedure.  [Doc. Nos. 66, 68, 87].  The Court agrees that the Second Amended Complaint violates Rule 8 and, for the reasons discussed below, dismisses the Second Amended Complaint on those grounds.[1]

---

[1] The Court notes that Defendants AIPAC, X Corporation, Donald J Trump, Department of Government Efficiency, Andreessen Horowitz, and BAYC LLC moved for dismissal of Plaintiff's

## II.    <u>Governing Standard</u>

Under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's Complaint "must contain . . . a short and plain statement of the claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), with allegations that are "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). In other words, in accordance with Rule 8, Plaintiff must "explain what [the] defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . .; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Rule 8 serves two purposes. It gives opposing parties fair notice of the basis of the claim(s) against them so that they may respond to the complaint. And, it apprises the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). As the Tenth Circuit has explained:

> Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.

*Id*.

Additionally, Rule 10(b) requires Plaintiffs to state their claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and provides

---

Second Amended Complaint on additional grounds. Since the Court grants dismissal of the Second Amended Complaint for violations of Rule 8, the Court will not address Defendants' remaining arguments.

that separate claims must be stated in separate counts. Fed. R. Civ. P. 10(b). Rules 8 and 10 work together to require Plaintiffs to present their claims "discretely and succinctly," so that (1) the opposing party may "frame a responsive pleading"; and (2) the Court "can determine which facts support which claims" and whether Plaintiffs have "stated any claims upon which relief can be granted." *Cummings v. Direct Scaffold Supply, LLC*, No. CIV-25-01460-JD, 2025 WL 3527405, at *1 (W.D. Okla. Dec. 9, 2025); *see also Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (explaining that "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted.")

As a pro se litigant, Plaintiff is entitled to a liberal construction of his Complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a pro se litigant must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III.    Discussion

### A.    The Second Amended Complaint Fails to Comply with Rule 8

Despite the liberal construction given to a pro se litigant's pleading, Plaintiff's Complaint is insufficient to satisfy federal pleading requirements. Defendant AIPAC argues that "Plaintiff does not number his paragraphs, making answering the complaint paragraph by paragraph incredibly difficult." Def. AIPAC's Mot. to Dismiss [Doc. No. 66] at 12. The Court agrees. Further, Defendants AIPAC and X Corporation point to the Court's previous Order in which Plaintiff was advised of similar deficiencies in his first

complaint. *See* Order [Doc. No. 14] ("[The complaint] contains unnumbered, single-spaced paragraphs, and it fails to state, in short and plain terms, a claim against each of the 65-plus defendants showing that Plaintiff is entitled to relief."); *See also* Def. AIPAC's Mot. to Dismiss [Doc. No. 66] at 28; Def. X Corp's Mot. to Dismiss [Doc. No. 68] at 16. Plaintiff has failed to adequately amend the Second Amended Complaint, despite an opportunity from the Court to do so. Like the first complaint, the unnumbered paragraphs in the Second Amended Complaint fail to state, in short and plain terms, a claim against each of the Defendants in this case.

Critically, as brought up in the pending Motions to Dismiss, it is not clear from the Complaint as to the specific actions taken by any specific Defendant or what particular claims have been asserted against them. *See* Def. AIPAC's Mot. to Dismiss [Doc. No. 66] at 13-14; Def. X Corp's Mot. to Dismiss [Doc. No. 68] at 17; *See* Def. Donald J Trump and U.S. Department of Government Efficiency's Mot. to Dismiss [Doc. No. 87] at 8. In the section titled "Factual Allegations", Plaintiff lumps together all Defendants, failing to attribute *any* purported actions to a specific Defendant. In the Section titled "Pattern of Racketeering", Plaintiff lists nine counts of alleged violations, asserting claims against the defendants collectively, in one conclusory sentence per count. *See e.g.* [Doc. No. 15] at 10 (Under Count II, stating "*Defendants* knowingly agreed to facilitate the enterprise's objectives and committed acts in furtherance of the conspiracy.") It is not clear what facts relate to each count and to each Defendant, as well as which Defendants are implicated in a particular count. Moreover, Plaintiff lists multiple causes of action under a single count. *See e.g. id.* at 10 (asserting five causes of action under "Count IV – Plagiarism,

5

Misappropriation & Digital Weaponization.")  Again, no Defendant is put on notice as to the specific causes of action that are asserted against them.[2]

Plaintiff also submitted an additional 258 pages of exhibits, [Doc. No. 45], more than two months after filing his Second Amended Complaint.  Defendant AIPAC argues that the exhibits "read as a rambling manifesto of Plaintiff's stream of consciousness, making Plaintiff's SAC even more unintelligible, vague, confusing, and prolix." Def. AIPAC's Mot. to Dismiss [Doc. No. 66] at 13.  The Court agrees.  Even if the Court were to consider the exhibits as part of Plaintiff's Second Amended Complaint, the "sheer length" of the pleading makes his claims "unintelligible."[3] *Mann*, 477 F.3d at 1148 (affirming dismissal of 99-page complaint because "[i]n its sheer length, [plaintiff] has made her complaint unintelligible 'by scattering and concealing in a morass of irrelevancies the few allegations that matter'" (citation omitted)); *see also Schupper v. Edie*, 193 F. App'x 744, 745-46 (10th Cir. 2006) (affirming dismissal of 38-page complaint plus 120 pages of exhibits as "overly long" and "prolix".)  The exhibits are not clearly

---

[2] To the extent Plaintiff raises a Racketeering Influenced and Corrupt Organizations Act (RICO) claim, "predicate acts of fraud. . .must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b)." *Ad-X Int'l, Inc. v. Kolbjornsen*, 97 F. App'x 263, 265 (10th Cir. 2004). The Court need not reach the issue of whether Plaintiff's Complaint satisfies Rule 9's heightened pleading standard since it fails to meet Rule 8's more general notice pleading, typically required of all litigants.

[3] Plaintiff's filing of Supplemental Exhibits to the Second Amended Complaint, [Doc. No. 45], is in violation of the Federal Rules of Civil Procedure. Under Federal Rule 15(a)(1), a "party may amend its pleading once as a matter of course." *See* Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *See* Fed R. Civ. P. 15(a)(2). Plaintiff has not sought leave to amend the operative complaint with the Supplemental Exhibits. Further, he has already amended his pleading "once as a matter of course."

labeled and do not give the Court any indication of how they relate to the individual Defendants or to specific claims raised in the Complaint.

Plaintiff filed responses to the Motions to Dismiss but fails to explain any of the Rule 8 deficiencies identified by Defendants.  In all three responses to the Motions to Dismiss, Plaintiff states that "Rule 8 requires only a short and plain statement showing entitlement to relief" and not proof of any "evidentiary" matter.  *See* Resp. to Def. AIPAC's Mot. to Dismiss [Doc. No. 77] at 4; Resp. to Def. X Corp.'s Mot. to Dismiss [Doc. No. 73] at 4; Resp. to Def. Donald J Trump and Department of Government Efficiency's Mot. to Dismiss [Doc. No. 88] at 8.  Plaintiff also states, in a conclusory fashion, that the complaint "identifies the defendants, describes the alleged enterprise, explains the coordinated conduct, and identifies the resulting harm to Plaintiff's investigative and professional activities."  Resp. to Def. AIPAC's Mot. to Dismiss [Doc. No. 77] at 4; *see* Resp. to Def. X Corp.'s Mot. to Dismiss [Doc. No. 73] at 4; Resp. to Def. Donald J Trump and Department of Government Efficiency's Mot. to Dismiss [Doc. No. 88] at 8.  Neither of these statements explain how *individual* Defendants are apprised of the specific actions taken by them or the particular claims asserted against them.

Upon reviewing the Complaint and supplemental exhibits, the Court concludes that "not even the most attentive of readers could figure out who did what to whom." *Mann*, 477 F.3d at 1148.  Under these circumstances, dismissal of the Complaint is proper as to all Defendants. *See, e.g.*, *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) ("It is not the role of either the court or the defendant to sort through a lengthy, poorly

drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action.")

The Court notes that Defendants Andreessen Horowitz and BAYC LLC also filed Motions to Dismiss Plaintiff's Second Amended Complaint, [Doc. Nos. 59, 61], but on non-Rule 8 grounds. Further, Defendants Elon Musk and United Arab Emirates are yet to be served and have not filed any motions in this case.[4] However, the Court sua sponte raises the Rule 8 issue as to these Defendants pursuant to Fed. R. Civ. P. 41(b). *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) ("If a complaint fails to meet these basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8."); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 and n. 2 (10th Cir. 2007) ("And, to be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.") The Court finds that its Rule 8 analysis applies to all Defendants and accordingly dismisses the Second Amended Complaint on such grounds. The Court will therefore deny Defendants Andreessen Horowitz's and BAYC LLC's Motions to Dismiss as moot.

---

[4] The Court previously issued an Order granting Plaintiff an additional sixty days to effectuate service on Defendant Musk. *See* Order [Doc. No. 89]. Regardless of the status of service on Defendant Musk, the Court, having reviewed the operative Second Complaint, finds dismissal of the action is warranted.

**B.     Leave to Amend**

The Court finds Plaintiff should not be granted further leave to amend. The Court recognizes that Plaintiff is proceeding pro se and that his pleadings are held to a less stringent standard than those drafted by lawyers.  But Plaintiff's pro se status does not excuse him from "follow[ing] the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *see also Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) ("Complaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" (quoting *Perkins v. Kan. Dep't of Corr*., 165 F.3d 803, 806 (10th Cir.1999)).

If the Court were to grant leave to amend, this would be Plaintiff's fifth attempt to craft a plausible pleading. *See* Compl. [Doc. No. 1]; Stricken Am. Compl. [Doc. No. 13]; Second Am. Compl. [Doc. No. 15]; Stricken Third Am. Compl. [Doc. No. 16].  In the Court's Orders striking Plaintiff's Amended Complaint and Third Amended Complaint, Plaintiff was informed that failure to comply with the Federal and Local Rules would result in the dismissal of this action.  *See* Order [Doc. Nos. 14, 17].  The Court finds further leave to amend is not warranted under the circumstances of this case.  *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) ("Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile."); *see Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562

9

(10th Cir. 1997) ("A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for *any reason. . .*")

## IV.    Conclusion

For the reasons set forth, the Second Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure.  Furthermore, leave to amend would be futile.

IT IS THEREFORE ORDERED as follows:

1.    Defendants AIPAC's, X Corporation's, Donald J Trump's, and Department of Government Efficiency's Motions to Dismiss [Doc. Nos. 66, 68, 87] are GRANTED in part.

2.    Defendants Andreessen   Horowitz's and BAYC LLC's Motions to Dismiss are DENIED as MOOT.

3.    This action is sua sponte DISMISSED as to Defendants Andreessen Horowitz, BAYC LLC, Elon Musk, and United Arab Emirates.

4.    Plaintiff's Second Amended Complaint [Doc. No. 15] is DISMISSED WITHOUT PREJUDICE for failure to comply with Rule 8.

A separate judgment of dismissal shall be entered contemporaneously with this Order.

IT IS SO ORDERED this 29th day of May, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

10